UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION
2006 TERM

IN RE: JOHN FRANCIS BEALE,   CASE NO.: 05-83535-FJO-7
    Debtor.

_____

CATHERINE A. KURTZ
    Plaintiff,

VS.   Adversary No.: 06-58008

JOHN FRANCIS BEALE,
    Defendant.

### COMPLAINT OBJECTING TO DISCHARGEABILITY
### OF A DEBT PURSUANT TO § 523(A)(15)

    Comes now the Plaintiff, Catherine A. Kurtz, a creditor and party in interest in the above-referenced bankruptcy proceeding, by counsel, Thomas S. Clary II, of Wright, Shagley, & Lowery, and files its Complaint to determine dischargeability of debt under 11 U.S.C. § 523 (hereinafter referred to as the "Complaint"), and in support thereof respectfully represents to the Court as follows:

### I. Jurisdiction

    1.   This Court has jurisdiction over the subject matter of this Complaint as a core proceeding pursuant to the provisions of 28 U.S.C. § 1334 and 157(b)(2)(i) and 11 U.S.C. § 523 since this is a proceeding to determine the dischargeability of a particular debt(s).

    2.   This is an adversary proceeding to determine the dischargeability of a debt and the Complaint is being timely filed pursuant to the Rules of the United States Bankruptcy Code.

### II. Parties

    3.   Defendant, John Francis Beale (hereinafter referred to as the "Debtor"), filed a voluntary petition for Relief under Chapter 7 of Title 11 of the United States Code (hereinafter referred to as the "Code") in this Court on October 15th, 2005.

    4.   The Debtor may be served, pursuant to Federal Rule of Bankruptcy Procedure 7004(B)(1), by mailing a copy of the Summons and Complaint to: John Francis Beale, 4576 South Lost Street, Terre Haute, IN 47802, which address constitutes either the Debtor's dwelling house or usual place of abode or the place which the Debtor regularly conducts a business or profession.

5. Catherine A. Kurtz (hereinafter referred to as "Ms. Kurtz"), f/k/a Catherine A. Beale, is the ex-wife of the Debtor and pursuant to the Divorce Decree and Property Settlement Agreement, is a creditor and party in interest in the Debtor's bankruptcy.

### III.  Operative Facts

6. On February 1st, 2005, the Vigo Superior Court dissolved the marriage between the Debtor and Ms. Kurtz and approved of the Property Settlement Agreement negotiated and entered into by the Debtor and Ms. Kurtz on January 14th, 2005.  A copy of said Divorce Decree and Property Settlement Agreement is attached hereto and incorporated herein as Exhibit "A" .

7. Ms. Kurtz and Debtor entered into a Mortgage loan, as co-debtors prior to the dissolution of marriage, with Washington Mutual Home Loans, Account No. 0630433951, for real estate located at 8017 Nene Court in Terre Haute, Indiana 47805 (hereinafter referred to as "Nene Court Residence").

8. Pursuant to the Property Settlement Agreement, Section 3, the Debtor was declared the owner of the Nene Court Residence.  The Debtor was subjected to the indebtedness on said property and is required to hold Ms. Kurtz harmless therefrom.  The Property Settlement Agreement also required the Debtor to make a good faith effort to refinance said real estate and remove Ms. Kurtz's name from the indebtedness. (Exhibit A).

9. Debtor stated at the 341 Creditors Meeting, on January 24th, 2006, for the above referenced bankruptcy proceeding, that he had made no efforts to refinance the Nene Court Residence and Ms. Kurtz's name has not been removed from the indebtedness.

10. On May 5, 2004, Ms. Kurtz and Debtor also entered into a Loan agreement, as co-debtors, with Vigo County Federal Credit Union, Account No. 185545, for the purchase of a 1998 Jeep Wrangler.

11. Pursuant to the Property Settlement Agreement, Section 4, Ms. Kurtz was declared the owner of a 1998 Jeep Wrangler, which required her to make her best efforts to refinance and remove Debtor's name from the indebtedness, to which Ms. Kurtz complied, and paid the loan in full on January 1, 2006.

12. Also pursuant to the Property Settlement Agreement, Section 4, Ms. Kurtz was declared the owner of a 2003 Jeep Cherokee, and Debtor was required to make his best efforts to refinance said vehicle and be responsible for the indebtedness and hold Ms. Kurtz harmless therefrom.

13. Pursuant to Section 5 of the Property Settlement Agreement, Debtor was responsible to pay Ms. Kurtz $3,600.00, within 180 days, for reimbursement on Ms. Kurtz's Visa Fleet Card in which she purchased draperies for the Nene Court Residence which Debtor received in the Property Settlement Agreement. (Exhibit A).

14.     On June 23rd, 2005, pursuant to a written agreement between Ms. Kurtz and the Debtor, Ms. Kurtz relinquished this debt of $3,600.00 that Debtor had been ordered to pay through the Divorce Decree and Property Settlement Agreement, and Debtor traded in the 2003 Jeep Grand Cherokee, which was awarded to Ms. Kurtz as stated above, in consideration for Debtor financing the purchase of a 2005 Dodge Grand Caravan for Ms. Kurtz, and as an inducement for Ms. Kurtz relinquishing the debt and trading in the 2003 Jeep Cherokee. A copy of said Agreement is attached hereto and incorporated herein as Exhibit "B".

15.     Ms. Kurtz and Debtor entered into a Loan Agreement, as co-debtors, with First Financial Bank, Account No. 092200149124, for the purchase of this 2005 Dodge Caravan.

16.     Pursuant to section 7 of the Property Settlement Agreement, each of the parties agreed that the said "party shall fully defend and hold the other party harmless for principal, interest, court costs, and reasonable Attorney's fees, together with any judgment rendered against the innocent party by virtue of the party obligated to pay, failing to fulfill that obligation and an action being brought against the innocent party."

17.     Pursuant to section 15, both Ms. Kurtz and Debtor agreed that the Property Settlement Agreement had been predicated upon assurance of a full and complete disclosure of all pertinent financial and other information, and the parties warranted the truthfulness, accuracy and completeness of these statements regarding their financial information.

### IV.  Violation of 11 U.S.C. § 523(a)(15)

18.     Catherine A. Kurtz reasserts paragraphs 1 through 16 by reference as is specifically set forth herein.

19.     The Debtor is more than able to pay for the debts owed to Ms. Kurtz pursuant to the Property Settlement Agreement, from his income and due to the fact that he is not supporting anyone but himself, and does not have any significant business expenses.

20.     The discharge of such debts would result in a benefit to the Debtor that outweighs the detrimental consequences to a former spouse, Ms. Kurtz, who negotiated and has made the good faith efforts as required by the Divorce Decree and Property Settlement Agreement.

21.     Ms. Kurtz has made good on her efforts to refinance the 1998 Jeep Wrangler and has removed Debtor's name from the indebtedness as required pursuant to the Property Settlement agreement, and has other debts which hinder her ability to support herself, especially if Ms. Kurtz would owe on the discharged loans of which the Debtor is liable.

22.     The Debtor's conduct violates 11 U.S.C. § 523(a)(15) and, therefore, the Debtor's indebtedness to Catherine A. Kurtz pursuant to their Divorce Decree and Property Settlement Agreement constitute a non-dischargeable debt.

WHEREFORE, Catherine A. Kurtz respectfully requests that this Court upon trial:

1. Order that the Debtors' indebtedness to Catherine A. Kurtz, for all debts pursuant to the Divorce Decree and Property Settlement Agreement, constitutes a non-dischargeable debt pursuant to 11 U.S.C. § 523;

2. Order that Debtor shall hold harmless Ms. Kurtz and shall be liable for any debt owed pursuant to the 2005 Dodge Grand Caravan, the residence located at 8017 Nene Court in Terre Haute, and any other debts that arose from the Property Settlement Agreement or from the deficiency owed after the surrender and sale of these assets;

3. Grant a non-dischargeable judgment in favor of Catherine A. Kurtz against the Debtor with pre-judgment and post-judgment interest as provided by law, reasonable attorney fees, costs and expenses;

4. Order the Debtor to pay to Ms. Kurtz the amount in which she has paid on the loans to keep them current, and to preclude the creditors from repossessing the collateral which she was awarded pursuant to the Divorce Decree and Property Settlement Agreement;  and

5. Grant Catherine A. Kurtz such other and further relief to which she may be justly entitled.

Respectfully submitted,

WRIGHT, SHAGLEY, & LOWERY
500 Ohio Street
P.O. Box 8448
Terre Haute, IN 47808-8448
Phone: (812) 232-3388
Fax #: (812) 232-8817


By: /s/    Thomas S. Clary II
    Thomas S. Clary II - #25526-84
    Attorneys for Catherine A. Kurtz

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing has this 17th day of March, 2006, been deposited in the United States Mail, First Class Postage prepaid, addressed to: John Francis Beale, 4576 South Lost Street, Terre Haute, Indiana 47802.

/s/    Thomas S. Clary II
Thomas S. Clary II


John Francis Beale
4576 South Lost Street
Terre Haute, Indiana 47802

B. Scott Skillman
20 N. 7th Street
Suite 314
Terre Haute, IN 47803